COPY

1  MICHAEL L. TRACY, ESQ., SBN 237779
2  MTRACY@MICHAELTRACYLAW.COM
3  MEGAN ROSS HUTCHINS, ESQ., SBN 227776
   MHUTCHINS@MICHAELTRACYLAW.COM
4  LAW OFFICES OF MICHAEL TRACY
5  2030 Main Street, Suite 1300
   Irvine, CA 92614
6  T: (949) 260-9171
7  F: (866) 365-3051

8  POLINA F. BERNSTEIN SBN: 217612
   POLINA@LAEMPLOYMENTCOUNSEL.COM
9  BERNSTEIN LAW, P.C.
10 16000 Ventura Blvd., Ste 1000
   Encino, CA 91436
11 Telephone: 818-817-7570
12 Facsimile: 818-530-7746

13 Attorneys for Plaintiff ALEXANDER GOULAK

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ALEXANDER GOULAK, an individual<br><br>Plaintiff,<br><br>vs.<br><br>MEL BERNIE AND COMPANY, INC. D.B.A. 1928 JEWELRY COMPANY, A CALIFORNIA CORPORATION; MELVYN BERNIE, AN INDIVIDUAL; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.: CV09 08124 SVW FMOx<br><br>**COMPLAINT FOR UNPAID OVERTIME UNDER CALIFORNIA LABOR CODE, MEAL BREAKS, IMPROPER PAY STUBS, WAITING TIME PENALTIES, OVERTIME UNDER THE FLSA, FAILURE TO PRODUCE RECORDS, AND UNFAIR BUSINESS PRACTICES**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, ALEXANDER GOULAK, alleges:

**JURISDICTION**

1. This Court has jurisdiction over this matter because this complaint

-1-
COMPLAINT FOR LABOR VIOLATIONS

1. alleges a federal question in that violations of 29 U.S.C. § 201 et seq. are alleged.

2. This court has supplemental jurisdiction of all the State law claims under 28 U.S.C. § 1367(a). The State law claims are all related to the same facts – namely whether Plaintiff performed work and was not paid overtime wages and whether that failure to pay was willful. The failure to provide proper pay check stubs is also directly related to the FLSA claims because Plaintiff is alleging that the pay check stubs are inaccurate because they did not list the overtime required by the FLSA. The waiting time penalty claim is directly related to whether the failure to pay overtime required by the FLSA was willful. As such, all the claims make up the same case or controversy under Article III of the United States Constitution.

## GENERAL ALLEGATIONS

3. This Court is the proper court and this action is properly filed in the County of Los Angeles and in this judicial district because Defendants do business in the County of Los Angeles, and because Defendants' obligations and liabilities arise therein, and because the work that was performed by Plaintiff in the County of Los Angeles is the subject of this action.

4. The true names and capacities of DOES 1 through 10 are unknown to Plaintiff, who therefore sues the DOE Defendants by fictitious names. Plaintiff will amend this Complaint to show their true names and capacities when they have been ascertained. Plaintiff is informed and believes, and hereon alleges, that some such Doe defendants are residents of California.

5. Plaintiff is informed and believes that Defendants, each and all of them, at all times material hereto, were the joint employers, parent companies, successor companies, predecessors in interest, affiliates, agents, employees, servants, joint venturers, directors, fiduciaries, representatives, and/or coconspirators of each of the remaining Defendants. The Defendants, unless otherwise alleged, at all times material hereto, performed all acts and omissions alleged herein within the course and scope of said relationship, and are a proximate cause of Plaintiff's damages as

herein alleged.

## PARTIES

6. Plaintiff ALEXANDER GOULAK ("GOULAK") was jointly employed by Defendants from October 8, 2007 through January 23, 2009.

7. Defendant MEL BERNIE AND COMPANY, INC. D.B.A. 1928 JEWELRY COMPANY ("MBC") is a California corporation doing business in the County of Los Angeles, State of California.

8. Defendant MELVYN BERNIE ("BERNIE") is an individual doing business in the County of Los Angeles, State of California.

## FIRST CAUSE OF ACTION
## FAILURE TO PAY OVERTIME COMPENSATION UNDER CALIFORNIA INDUSTRIAL WELFARE COMMISSION ORDERS AND CALIFORNIA LABOR CODE
## (AGAINST MBC and DOES 1-5)

9. Plaintiff refers to and incorporates by reference Paragraphs 1 through 8.

10. This cause of action is brought against MBC and DOES 1-5, jointly and individually.

11. Pursuant to Industrial Welfare Commission Order No. 7-2001, California Code of Regulations, Title 8, § 11070, for the period of Plaintiff's employment, Defendants were required to compensate Plaintiff for all overtime, which is calculated at one and one-half (1 ½) times the regular rate of pay for hours worked in excess of eight (8) in a day or forty (40) hours in a week, and two (2) times the regular rate of pay for hours worked in excess of twelve (12) hours in a day of hours worked in excess of eight (8) on the seventh consecutive work day in a week.

12. Plaintiff GOULAK worked more than eight (8) hours in a single workday or forty (40) hours in a single workweek on numerous occasions.

13. Plaintiff GOULAK was entitled to the above overtime premiums.

-3-
COMPLAINT FOR LABOR VIOLATIONS

14. Defendants did not pay Plaintiff premium wages of at least one and one-half times Plaintiff's regular rate of pay for hours worked past eight (8) in a day.

15. Defendants did not pay Plaintiff premium wages of at least one and one-half times Plaintiff's regular rate of pay for hours worked past forty (40) in a week.

16. Defendants did not pay Plaintiff premium wages of at least two times Plaintiff's regular rate of pay for hours worked past twelve (12) in a day.

17. Plaintiff GOULAK worked at least one pay period in which he was not properly paid overtime within the three (3) years prior to the initiation of this lawsuit.

18. Defendants know or should know the actual dates of overtime worked, the amount of overtime worked, and the amount of unpaid overtime due.

19. As a proximate result of Defendants' violations, Plaintiff GOULAK has been damaged in an amount in excess of $81,000 and subject to proof at time of trial.

20. Pursuant to Labor Code §§ 218.6, 510, 1194 and California Code of Regulations, Title 8, § 11070, Plaintiff GOULAK is entitled to recover damages for the nonpayment of overtime premiums for all overtime hours worked, penalties, interest, plus reasonable attorney's fees and costs of suit.

## SECOND CAUSE OF ACTION
## FAILURE TO ITEMIZE WAGE STATEMENTS AS REQUIRED
## UNDER LABOR CODE SECTION 226
## (AGAINST MBC and DOES 1-5)

21. Plaintiff refers to and incorporates by reference Paragraphs 1 through 20.

22. This cause of action is brought against MBC and DOES 1-5, jointly and individually.

23. Pursuant to Labor Code § 226, every employer must furnish each employee an itemized statement of wages and deductions at the time of payment of wages.

24. Defendants knowingly and intentionally furnished Plaintiff pay stubs

-4-

COMPLAINT FOR LABOR VIOLATIONS

that did not accurately reflect all the information required by Labor Code § 226.

25. Plaintiff suffered injury from the lack of proper information on the pay stubs provided by Defendants.

26. Plaintiff suffered injury under this cause of action within a period of one (1) year prior to the initiation of this lawsuit.

27. Pursuant to Labor Code § 226(e) and (g), Plaintiff prays for judgment against Defendants in an amount subject to proof at trial plus costs and attorney fees.

### THIRD CAUSE OF ACTION
### WAITING TIME PENALTIES UNDER LABOR CODE SECTION 203
### (AGAINST MBC and DOES 1-5)

28. Plaintiff refers to and incorporates by reference Paragraphs 1 through 27.

29. This cause of action is brought against MBC and DOES 1-5, jointly and individually.

30. Plaintiff's employment with Defendants was terminated on January 23, 2009.

31. Defendants willfully refused and continue to refuse to pay Plaintiff GOULAK unpaid wages as required by Labor Code § 203. Defendants know that the pay is due and are refusing to pay it.

32. Plaintiff GOULAK requests damages and penalties as provided by Labor Code § 203 in the amount of $11,510 and subject to proof at time of trial.

### FOURTH CAUSE OF ACTION
### OVERTIME PAY AND LIQUIDATED DAMAGES UNDER 29 U.S.C. § 207
### and § 216 (AGAINST ALL DEFENDANTS)

33. Plaintiff refers to and incorporates by reference Paragraphs 1 through 32.

34. This cause of action is against all Defendants, jointly and individually.

35. Plaintiff is informed and believes and hereon alleges that Defendants are

subject to the provisions of the Fair Labor Standards Act. Under 29 U.S.C. § 207(a) and § 216(b), Plaintiff is entitled to overtime pay at a rate of one and one-half (1 ½) times the regular rate of pay for hours worked in excess of forty (40) hours in a week and an equal additional amount as liquidated damages, as well as costs and attorney's fees.

36. Plaintiff worked numerous weeks in excess of forty (40) hours.

37. Plaintiff was entitled to the above overtime premiums.

38. Defendants failed to compensate Plaintiff for any overtime premiums.

39. This court has jurisdiction over this cause of action because the federal statute specifically grants the employee the right to bring the action in "any Federal or State court of competent jurisdiction." 29 U.S.C. § 216(b).

40. Plaintiff worked at least one week in which overtime premiums were not paid by Defendants under the Fair Labor Standards Act within the two (2) years prior to initiating this lawsuit.

41. Plaintiff's individual employment is covered by the terms of the Fair Labor Standards Act.

42. Defendant MBC was the employer of Plaintiff, as the term "employer" is defined in the Fair Labor Standards Act.

43. Defendant MBC was an enterprise covered by the provisions of the Fair Labor Standards Act for the entire time of Plaintiff's employment.

44. Defendant MBC conducted business with a total gross sales volume in excess of $500,000 for each and every twelve (12) month period in which Plaintiff was employed.

45. Defendant MBC employed at least two (2) employees during each and every 12 month period in which Plaintiff was employed.

46. Defendant BERNIE was the employer of Plaintiff, as the term "employer" is defined in the Fair Labor Standards Act. BERNIE was a corporate officer and/or agent of MBC. BERNIE acted both directly and indirectly in the

COMPLAINT FOR LABOR VIOLATIONS

interest of MBC, as it related to Plaintiff's employment and payment of wages.

47. DOES 1-10 were the employer of Plaintiff, as the term "employer" is defined in the Fair Labor Standards Act.

48. Defendants' violations of 29 U.S.C. § 207 were willful and intentional.

49. Plaintiff prays for judgment for overtime pay in an amount in excess of $81,000 and subject to proof at time of trial. This amount is subsumed by the overtime pay claimed in the First Cause of Action.

50. Plaintiff prays for judgment for liquidated damages in an amount in excess of $81,000 and subject to proof at trial. This amount is supplemental to the relief requested in all other causes of action.

51. Plaintiff prays for costs and attorney's fees.

## FIFTH CAUSE OF ACTION

## VIOLATIONS OF CALIFORNIA BUSINESS AND PROFESSIONS CODE SECTION 17200

## (AGAINST MBC and DOES 1-5)

52. Plaintiff refers to and incorporates by reference Paragraphs 1 through 51.

53. This cause of action is brought against MBC and DOES 1-5, jointly and individually.

54. By failing to pay overtime premiums, Defendants' acts constitute unfair and unlawful business practices under Business and Professions Code § 17200, et seq.

55. By failing to provide adequate meal and rest breaks, Defendants' acts constitute unfair and unlawful business practices under Business and Professions Code § 17200, et seq.

56. Plaintiff GOULAK prays for restitution under this Cause of Action in an amount subject to proof at time of trial.

## SIXTH CAUSE OF ACTION

## FAILURE TO PROVIDE PAY RECORDS

### (AGAINST MBC and DOES 1-5)

57. Plaintiff refers to and incorporates by reference Paragraphs 1 through 56.

58. This cause of action is brought against MBC and DOES 1-5, jointly and individually.

59. Pursuant to Labor Code § 226, employers must provide employees an opportunity to inspect or copy records upon request.

60. Plaintiff requested his pay records in accordance with Labor Code § 226 on August 19, 2009.

61. Defendants failed to provide Plaintiff with an opportunity to inspect or copy his records within 21 days.

62. Pursuant to Labor Code § 226, Plaintiff prays for judgment against Defendants in the amount of $750, costs and attorney fees.

**WHEREFORE**, Plaintiff prays for the following relief:

1. Damages for overtime not paid to Plaintiff GOULAK in an amount in excess of $81,000 and subject to proof at trial.

2. For liquidated damages in the amount in excess of $81,000 and subject to proof at trial.

3. Damages for meal premiums not paid to Plaintiff GOULAK in an amount subject to proof at trial.

4. For damages and penalties under Labor Code § 226 for Plaintiff GOULAK in an amount subject to proof at trial.

5. For penalties and damages pursuant to Labor Code § 203 for Plaintiff GOULAK in an amount of $11,510 and subject to proof at trial.

COMPLAINT FOR LABOR VIOLATIONS

6. For $750 for failure to allow Plaintiff to inspect or copy records in a timely manner.

7. For restitution and disgorgement for all unfair business practices against Plaintiff GOULAK in an amount subject to proof at trial.

8. For prejudgment and post judgment interest.

9. Cost of suit.

10. Attorneys' fees.

11. For such other and further relief as the court may deem proper.

DATED: October 27, 2009     LAW OFFICES OF MICHAEL TRACY

By: _____
MICHAEL TRACY, Attorney for Plaintiff ALEXANDER GOULAK

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial.

DATED: October 27, 2009     LAW OFFICES OF MICHAEL TRACY

By: _____
MICHAEL TRACY, Attorney for Plaintiff ALEXANDER GOULAK

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Stephen V. Wilson and the assigned discovery Magistrate Judge is Fernando M. Olguin.

The case number on all documents filed with the Court should read as follows:

**CV09- 8124 SVW (FMOx)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=====================================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] Western Division | [ ] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)     NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

COPY

Michael L. Tracy, Esq.   SBN237779
LAW OFFICES OF MICHAEL TRACY
2030 Main Street, Suite 1300
Irvine, CA 92614
949-260-9171
mtracy@michaeltracylaw.com

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ALEXANDER GOULAK, an individual<br><br>PLAINTIFF(S)<br>v.<br>MEL BERNIE AND COMPANY, INC. D.B.A. 1928 JEWELRY COMPANY, A CALIFORNIA CORPORATION; MELVYN BERNIE, AN INDIVIDUAL and DOES 1 trough 10, inclusive.   DEFENDANT(S). | CASE NUMBER<br><br>CV09 08124 SVW FMOx<br><br><br>SUMMONS |

TO:   DEFENDANT(S): _____

A lawsuit has been filed against you.

Within __20__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, _Michael Tracy_____, whose address is _2030 Main Street, Suite 1300, Irvine, CA 92614_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: __NOV - 5 2009__   By: __CHRISTOPHER POWERS__
                                   Deputy Clerk
                                   (Seal of the Court)   SEAL

[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].

---

CV-01A (12/07)                          SUMMONS

COPY

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
ALEXANDER GOULAK, an individual

**DEFENDANTS**
MEL BERNIE AND COMPANY, INC. D.B.A. 1928 JEWELRY COMPANY, A CALIFORNIA CORPORATION; MELVYN BERNIE, AN INDIVIDUAL; and DOES 1 through 10, inclusive.

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Megan Ross Hutchins SBN 227776
Law Office of Michael Tracy
2030 Main Street, Suite 1300, Irvine, CA 92614 (949)260-9171

**Attorneys (If Known)**

**II. BASIS OF JURISDICTION** (Place an X in one box only.)
- ☐ 1 U.S. Government Plaintiff
- ☑ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)
- ☑ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify):
- ☐ 6 Multi-District Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☑ No   ☐ **MONEY DEMANDED IN COMPLAINT:** $ 95,000.00

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☑ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | **SOCIAL SECURITY** |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | **IMMIGRATION** | ☐ 446 American with Disabilities - Other | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | ☐ 462 Naturalization Application | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | **FEDERAL TAX SUITS** |
| | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**FOR OFFICE USE ONLY:** Case Number: **CV09  08124**

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)      CIVIL COVER SHEET      Page 1 of 2

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☒ No ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)
☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _____  Date 11/3/2009

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |